IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| **CINDY M. SMITH-PEARCY**, <br><br> **Plaintiff,** <br><br> **v.** <br><br> **CAROLYN COLVIN, Acting Commissioner of the Social Security Administration,** <br><br> **Defendants.** | **MEMORANDUM DECISION & ORDER** <br><br> **Case No. 1:15-cv-00111** <br><br> **Magistrate Judge Dustin B. Pead** |

## I.     INTRODUCTION

The parties in this case in this have consented to United States Magistrate Judge Dustin

Pead conducting all proceedings, including entry of final judgment, with appeal to the United

States Court of Appeals for the Tenth Circuit (doc.18).  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P.

73.  Currently pending before the court is Defendant Commissioner of Social Security Carolyn

Colvin's (the "Commissioner") motion to dismiss for failure to file within the statute of

limitations period pursuant to federal rule of civil procedure 12(b)(1) (doc. 10).[1]

## II.     BACKGROUND

On October 6, 2011, Plaintiff Cindy M. Smith-Pearcy ("Plaintiff") applied for Social

Security Disability Insurance Benefits (DIB) and Social Security Insurance (SSI) for a disability

she alleges began on January 1, 2010 (doc. 3).  Plaintiff's initial claims and reconsideration

---

[1] The sixty day statute of limitations period is not a jurisdictional bar and therefore the motion to dismiss should be filed pursuant to federal rule 12(b)(6) rather than 12(b)(1).  *See* Fed. R. Civ. P. 12(b)(6), 12(b)(1).  The Commissioner's failure to do so, however, is not fatal to her motion and the court shall consider the motion as one to dismiss for failure to state a claim pursuant to rule 12(b)(6).  *See Cleland v. Colvin,* 2013 U.S. Dist. LEXIS 130595, * 3  (D. Utah Sept. 11, 2013); *see also Gossett v. Barnhart,* 139 F. App'x 24, 25 & n.1 (10th Cir. 2005) (unpublished) .

claims were denied and a hearing was held in front of an Administrative Law Judge (ALJ) on

August 16, 2013. *Id.* The ALJ determined Plaintiff was not disabled and Plaintiff appealed.

On June 16, 2015, the Appeals Council mailed Plaintiff a notice stating that her request

for review of the ALJ's decision was denied (doc. 11; *see Declaration of Kathie Hartt*).

Additionally, the notice informed Plaintiff of her right to commence a civil action within 60 days

from the date of her receipt of the notice as well as her right to file for an extension of time if

necessary. *Id*; *see* 42 U.S.C. 405(g); 20 CFR 422.210. The notice also indicated that unless

otherwise shown, pursuant to agency regulation, the Appeals Council would assume Plaintiff had

received the notice within five days after the date it was mailed.  *Id.*

Based thereon, in order to be timely, Plaintiff needed to commence her civil action on or

before August 20, 2015. Plaintiff did not do so. Instead, Plaintiff failed to request an extension

and filed her civil action against the Commissioner on August 27, 2016--- one full week after

expiration of the 60 day deadline.

On November 5, 2015, Defendant filed a motion to dismiss the Plaintiff's civil action for

untimeliness pursuant to the Federal Rules of Civil Procedure 12(b)(1).[2]  Plaintiff failed to file an

opposition to the motion, and the court issued an order to show cause directing Plaintiff to

respond (doc. 19). [3]   On January 11, 2016, Plaintiff filed an opposition to the motion (doc. 20).

Plaintiff's opposition did not dispute her civil action was untimely filed.  Rather, Plaintiff

indicated she miscommunicated the date on which she received the Appeals Council's letter to

her attorney, but the action was filed in good faith therefore should not be dismissed.  Defendant

---

[2] *See Supra* , footnote 1.
[3] The United States District Court for the District of Utah rules of practice state that "[a] memorandum opposing motions filed pursuant to Fed. R. Civ. P. 12(b), 12(c), and 56 must be filed within twenty-eight (28) days after service of the motion or within such time as allowed by the court." DUCiv-R 7-1(3)(A).

filed a reply on January 25, 2016, continuing to request dismissal of the complaint as untimely

(doc. 21).

### III.    STANDARD OF REVIEW

Judicial review of cases arising under the Social Security Act is provided for, and limited

by, 42 U.S.C. §405(g) and (h) of the Act.  The provisions provide:

> (g)     Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a *civil action commenced within sixty days after the mailing to [the individual] of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .*

> (h)     The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter.

42. U.S.C. §405(g), (h) (emphasis added).

The only civil action permitted on a claim arising under the Social Security Act is an

action to review the "final decision of the Commissioner of Social Security made after a

hearing," and such action must be "commenced within sixty days after the mailing to [the party

bringing the action] of notice of such decision or within such further time as the Commissioner

of Social Security may allow."  42 U.S.C. §405(g); 20 C.F.R. § § 404.981, 422.210; *Califano v.*

*Sanders*, 430 U.S. 99, 109 (1977); *Dozier v. Bowen*, 891 F. 2d 769, 772 (10th Cir. 1989).

### IV.    ANALYSIS

The parties do not dispute that Plaintiff's August 27, 2015, complaint was filed outside

the sixty day time period set forth under 42 U.S.C.§ 405(g).  Rather, Plaintiff contends dismissal

is inappropriate because there was a "minor miscommunication" of relevant dates, but the action

was filed in "good faith" (doc. 20).

The limitations period set forth under 42 U.S.C. § 405(g) is designed "to move cases to

speedy resolution. . . ." *Bowen v. New York*, 476 U.S. 467, 480 (1986); 106 S. Ct. 2022; 90 L.

Ed. 2d 462.  This mechanism is intended to further the interests of not only the government, but

of the   claimants as well.  As a result, under certain circumstances, equitable tolling principles

may apply that extend the sixty day limitations requirement. *Id*.  While in the majority of cases it

is "the Secretary [who] will make the determination [of] whether it is proper to extend the period

within which review must be sought, cases may arise where the equities in favor of tolling the

limitations are *so great* that deference to the agency's judgment is inappropriate." *Bowen*, 476

U.S. at 480 (internal quotation and citation omitted) (finding equities in favor of tolling "where

the Government's secretive conduct prevent[ed] the plaintiffs from knowing of a violation of

rights."). Courts have also allowed for equitable tolling in circumstances where "a claimant filed

a request for an extension of time with the Appeals Council prior to the expiration of the 60-day

time limit for filing an action in federal court, and that request remained pending until after the

60-day time limit expired." *Thomas v. Astrue*, 2010 U.S. Dist. LEXIS 189309 *3 (D. Kan. May

23, 2012).

Here, there court declines to equitably toll the statute of limitations period.  Plaintiff fails

to present equities "so great" to support tolling, and does not assert that she sought additional

time from the Appeals Council within which to file her action.  Moreover, plaintiff failed to

respond to the Commissioner's motion to dismiss and it was only after the court issued an order

to show cause that Plaintiff attempted to explain the untimely complaint.  *Cf. Flemings v. Evans,*

481 F.3d 1249, 1254 (10th Cir. 2007) (equitable tolling applies where petitioner "diligently

pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control").  Simply stated, while the court does not question Plaintiff's good faith and finds any miscommunication or miscalculation of dates to be unfortunate, miscommunication does not constitute a great equity or an extraordinary circumstance that would support the application of tolling principles. *See Flemming v. Evans*, 481 F.3d 1249, 1255-56 (2007) ("Attorney error, miscalculation, inadequate research or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling.").

Accordingly, for the reasons set forth herein, the Commissioner's motion to dismiss Plaintiff's complaint is hereby GRANTED (doc. 10).

**IT IS SO ORDERED.**

DATED this 26th day of February, 2016.

_____
Dustin B. Pead
U.S. Magistrate Judge